UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:18-cr-190-FtM-38MRM

MONIQUE MOORE
_____

# OPINION AND ORDER[1]

Before the Court are Defendant Monique Moore's pro se motion for sentence reduction (Doc. 695) and the Government's response in opposition (Doc. 701). For the below reasons, the Court denies her motion.

Nine months ago, the Court sentenced Moore to 210 months' imprisonment for her role in a large drug conspiracy. (Doc. 648). The sentence included a six-level downward departure because of her substantial assistance with investigating and prosecuting co-conspirators. (Doc. 649 at 2). But Moore now asks the Court to further reduce her sentence under Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3582(c)(2). She argues for a Rule 35 reduction because of a meeting she had with the Government where she provided information against co-defendant Elizabeth Kuc that the Court allegedly did not consider. Moore seeks an Amendment 782 reduction under

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

§ 3582(c)(2) because the drugs attributed to her was neither admissible nor "proved by a jury beyond a reasonable doubt." (Doc. 695 at 3). She also claims to be a victim and addict who "was bullied by individuals to sale drugs from her home." (Doc. 695 at 3). Finally, Moore challenges the two-level firearm enhancement, arguing no firearms were found on her person. Even liberally construing Moore's arguments, the Court can provide no relief.

A court lacks the inherent authority to reduce a previously imposed sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). A defendant's request for a reduced sentence must be tied to a statute or rule permitting it. Here, Moore relies on Rule 35 and § 3582(c)(2). But neither helps her.

Rule 35 is a vehicle for the government—not a defendant—to ask a court to reduce a sentence for a defendant's substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b)(1). Because Moore, and not the Government, seeks Rule 35 relief, the Court must deny her motion. Even setting aside this procedural defect, the Court notes it considered Moore's trial testimony and other substantial assistance against Kuc when it departed six-levels in Moore's sentence. (Doc. 637; Doc. 698 at 17-18).

Under § 3582(c), a court cannot modify a term of imprisonment once imposed absent exceptions. None of the exceptions apply here including the one that Moore relies on: the Sentencing Commission lowering a sentencing

range through Amendment 782. The Amendment reduced by two levels the offense levels assigned to drug quantities effective November 1, 2014. Moore, however, is not eligible for Amendment 782 relief because the Court sentenced her under the 2018 Guidelines Manual that incorporated the Amendment's benefits. Nor has Moore claimed—or can she—that the Sentencing Guidelines have changed since her sentence nine months ago. Finally, Moore's attack against the two-level enhancement does not affect any argument for a sentence reduction under Rule 35 or Amendment 782. The Court thus denies Moore's motion.

Accordingly, it is now

**ORDERED:**

(1) Defendant Monique Moore's pro se motion for sentence reduction (Doc. 695) is **DENIED**.

(2) Moore's Motion for Appointment of Counsel (Doc. 694) is **DENIED as moot**.

**DONE AND ORDERED** in Fort Myers, Florida on December 10, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record